IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN E. GRIFFIN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:19-cv-755** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **OFFICER MCCOY,** *et al.*, | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 3) filed by Defendant McCoy, as well as the motion to abstain and remand (Doc. No. 5) filed by *pro se* Plaintiff Brian E. Griffin ("Griffin"), an inmate currently confined at the State Correctional Institution Greene in Waynesburg, Pennsylvania ("SCI Greene"). For the following reasons, the Court will deny both motions.

**I.     BACKGROUND**

On March 28, 2019, Griffin filed a complaint against Defendant McCoy and Defendant John Doe in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. No. 1-1.) Defendant McCoy removed the matter to this Court on May 2, 2019. (Doc. No. 1.)

Griffin alleges that on February 2, 2019, while he was incarcerated at SCI Dallas, he covered his cell window with a sheet so that no one could observe him using the toilet. (Doc. No. 1-1 at 3.) Defendant John Doe told Griffin that he had to

remove the sheet. (*Id.*) Griffin removed the sheet when he was done, but covered the window again an hour later to use the toilet. (*Id.* at 4.) An officer told Griffin to remove the sheet. (*Id.*) Subsequently, Griffin approached Defendant John Doe and asked him why he had directed him to take the sheet down when he had never directed him to do so in the five (5) years that Griffin had been in that housing unit. (*Id.*) Defendant John Doe responded that a lieutenant had been present in the unit at the time. (*Id.*) Griffin told Defendant John Doe "to get away from my cell I didn't want to talk to you no more." (*Id.*)

The next day, Defendant McCoy saw Griffin coming out of the day room and told him that she wanted to speak with him. (*Id.*) Griffin returned to his cell, and Defendant McCoy approached his cell door. (*Id.*) Griffin alleges that Defendant McCoy cursed at him and accused him of disrespecting her partner. (*Id.*) Griffin stated that he was "done" because of the cursing, and Defendant McCoy returned to the officer's desk and picked up the phone. (*Id.*) Minutes later, six (6) officers entered the unit, told Griffin to cuff up, and escorted him to the Restricted Housing Unit ("RHU"). (*Id.*)

That night, Griffin received a misconduct report, charging him with threatening the Defendants. (*Id.*) The misconduct report also noted that Griffin had covered his cell window. (*Id.*) Griffin contends that this misconduct report was

2

false and was issued because of the verbal altercation that occurred with Defendant John Doe the day before. (*Id.*) Subsequently, a hearing examiner found Griffin guilty, "saying he believe[d the] Officer over [him]," and sanctioned him to thirty (30) days in segregation. (*Id.*)

Griffin's thirty (30) days in segregation ended on March 4, 2019, and he thought he would return to general population. (*Id.* at 5.) However, he learned that he would remain in the RHU until the security office "review[ed] or clear[ed] him." (*Id.*) He later learned from his block counselor that Defendant McCoy and other officers "put a separation in." (*Id.*) On March 21, 2019, the Program Review Committee ("PRC") indicated that Griffin would be transferred. (*Id.*) As relief, Griffin seeks $1,000.00 in compensatory damages and $10,000.00 in punitive damages "for wrongful or unjustified segregation for false misconduct report." (*Id.*)

After removing the action to this Court, Defendant McCoy filed a motion to dismiss (Doc. No. 3) and brief in support (Doc. No. 4.) She argues that dismissal of Griffin's complaint is warranted because it "does not set forth a short and plain statement of the claim and the averments are not sufficient to put [her] on notice of the claims against her." (Doc. No. 4 at 2.) Subsequently, Griffin filed his motion to abstain and remand (Doc. No. 5) and brief in support (Doc. No. 6), asking this Court to remand the matter back to the Court of Common Pleas for Luzerne County. On

3

May 15, 2019, Griffin filed a supplement in which he clarifies that he is asserting claims of retaliation in violation of his First Amendment rights and argues that he did not file this action pursuant to 42 U.S.C. § 1983. (Doc. No. 7.) Defendant McCoy filed an opposition brief to Griffin's motion on May 20, 2019. (Doc. No. 8.) Griffin filed an opposition brief to Defendant McCoy's motion to dismiss on May 23, 2019. (Doc. No. 9.) Because the time period for the parties to file reply briefs has expired, the motions are ripe for disposition.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility

4

that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998

F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### B. Civil Rights Statute, 42 U.S.C. § 1983

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920

F.2d 1135, 1141-42 (3d Cir. 1990); *Richardson v. Min Sec Cos.*, No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

**III. DISCUSSION**

    **A. Plaintiff's Motion to Abstain and Remand**

In his motion to abstain and remand, Griffin argues that the Court of Common Pleas for Luzerne County is the proper jurisdiction and forum for this action and that his choice of forum should prevail. (Doc. No. 5.)

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." 28 U.S.C. § 1441(a). Thus, any civil case arising under federal law may be removed from state court to federal court. *See Griffin v. Malisko*, No. 1:18-cv-1155, 2018 WL 5437743, at *5 (M.D. Pa. Oct. 29, 2018) (citing 28 U.S.C. § 1441(b)). Upon a motion to remand, the removing party bears the burden of demonstrating that removal was proper. *Scanlin v. Utica First Ins. Co.*, 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." *Id.* When considering a motion to remand, § 1441 "must be strictly construed against removal." *Id.* (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d

7

214, 219 (3d Cir. 2005)); *see also Abels v. State Farm Fir & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) (noting that "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand"). Moreover, the notice of removal must be filed within thirty (30) days of the defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).

Here, removal was based on the Court's original jurisdiction pursuant to 28 U.S.C. § 1331 because Griffin is raising an alleged retaliation claim under the First Amendment pursuant to 42 U.S.C. § 1983.[1] Moreover, a review of the docket for proceedings in the Court of Common Pleas for Luzerne County indicates that Defendant McCoy was served with Griffin's complaint on April 12, 2019. She filed her notice of removal on May 2, 2019, well within thirty (30) days of her receipt of Griffin's complaint. Accordingly, Defendant McCoy has complied with the removal statute, and removal of this action to this Court, a court that would have had original jurisdiction over Griffin's First Amendment claim brought originally in state court. *See Zawatsky v. Jeddo Stars Athletic Assoc.*, Civ. No. 3:16-1725, 2016 WL 4990493,

---

[1] Contrary to Griffin's assertion, his complaint is properly construed as one brought pursuant to § 1983 because that statute creates a private right of action to redress the violation of an individual's constitutional rights by a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

at 8# (M.D. Pa. Sept. 19, 2016) (citation omitted).  Accordingly, Griffin's motion to abstain and remand (Doc. No. 5) will be denied.

### B. Motion to Dismiss

As noted above, Defendant McCoy asserts that Griffin's complaint is subject to dismissal because it "does not set forth a short and plain statement of the claim and the averments are not sufficient to put [her] on notice of the claims against her." (Doc. No. 4 at 2.)  She maintains that there is "no practical way" for her to respond to Griffin's allegations as pled, and that if she "is required to respond to [Griffin's] allegations as currently set forth she risks failing to respond to an allegation, resulting in prejudice." (*Id.* at 4.)  Defendant McCoy also argues that Griffin has not presented any "actual legal claims, or counts," and that "[i]t is not known what specific rights [she] is alleged to have violated." (*Id.* at 4-5.)

Upon review of Griffin's complaint, the Court does not agree with Defendant McCoy's arguments in support of dismissal.  As noted above, the Court is obligated to "liberally construe[]" Griffin's complaint, and must hold it to "less stringent standards than formal pleadings drafted by lawyers." *Estelle*, 429 U.S. at 106.  Upon liberal construction of Griffin's complaint, the Court concludes that Griffin is raising a First Amendment retaliation claim based upon his allegation that he received a false misconduct charge in retaliation for his verbal altercation with Defendant John

Doe. Griffin's own filings (Doc. Nos. 7, 9) confirm that he is asserting a retaliation claim in his complaint.[2] The Court does not agree with Defendant McCoy that there is "no practical way" for her to respond to Griffin's complaint in its current form. Moreover, the Court finds that Griffin has set forth a plausible First Amendment retaliation claim at this time. *See Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001). Accordingly, Defendant McCoy's motion to dismiss (Doc. No. 3) will be denied.

## IV. CONCLUSION

For the foregoing reasons, Griffin's motion to abstain and remand (Doc. No. 5) and Defendant McCoy's motion to dismiss (Doc. No. 3) will be denied. An appropriate Order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: June 10, 2019

---

[2] Indeed, Defendant McCoy's notice of removal states that Griffin's complaint is alleging a retaliation claim. (Doc. No. 1 at 1.)